UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYAN MUNOZ, et al., | No. 1:24-cv-00540-KES-SAB |
| Plaintiffs, | ORDER GRANTING MOTION TO REMAND |
| v. | (Doc. 11) |
| STATE OF CALIFORNIA, et al., | |
| Defendants. | |

Plaintiffs Bryan Munoz, Maritsa Molina, Jerry Munoz-Molina, Gerardo Munoz, and Angelene Munoz-Molina move to remand this action to Tulare County Superior Court, arguing that the court lacks subject matter jurisdiction. Motion to Remand ("Motion"), Doc. 11. The U.S. Army Corps of Engineers and the U.S. Department of Agriculture-Forest Services have been dismissed from this action and the remaining defendants have not filed an opposition to the motion to remand. Doc. 13; *see* Docket. This matter is suitable for resolution without a hearing pursuant to Local Rule 230(g). For the reasons explained below, the motion to remand this action to Tulare County Superior Court is granted.

**I.   BACKGROUND**

Plaintiff Bryan Munoz alleges he was injured when he fell on a pile of hot ashes. Notice of Removal, Exhibit 1 ("Complaint"), Doc. 1-1 ¶ 21. His family, plaintiffs Maritsa Munoz, Jerry Munoz-Molina, Gerardo Munoz, and Angelene Munoz-Molina allegedly suffered emotional distress as a result of witnessing the incident. *Id.* at ¶ 22.

Plaintiffs filed an action in Tulare County Superior Court for (1) Dangerous Condition of Public Property pursuant to Cal. Government Code §§ 815.2, 815.6, 820(a), 830, 835 et seq., 840 et seq.; (2) Failure to Inspect or Negligent Inspection of Property pursuant to Cal. Government Code § 818.6; (3) Liability for Injuries Caused for Employee Within Scope of Employment pursuant to Cal. Government Code § 815.2; (4) Liability for Injuries Caused by Independent Contractors pursuant to Cal. Government Code § 815.4; (5) Negligence; and (6) Negligent Infliction of Emotional Distress. *See* Complaint. Plaintiffs named as defendants the State of California, County of Tulare, U.S. Army of Corps of Engineers, U.S. Department of Agriculture – Forest Service, and Does 1-60. *Id.*

On May 7, 2024, the U.S. Army of Corps of Engineers and U.S. Department of Agriculture – Forest Service ("Federal Defendants") filed a notice of removal to this court pursuant to 28 U.S.C. § 1442(a)(1). On June 4, 2024, plaintiffs and the Federal Defendants entered into a stipulation to dismiss the Federal Defendants without prejudice pursuant to Federal Rules of Civil Procedure ("FRCP") 41(a)(1). Stipulation to Dismiss Defendants, Doc. 12. The Federal Defendants were dismissed on June 5, 2024. Doc. 13. Concurrently with filing the stipulation to dismiss the Federal Defendants, plaintiffs moved to remand this action to state court on the basis that the court lacked jurisdiction following the dismissal of the Federal Defendants. *See* Motion, Doc. 11 at 4.

## II.  LEGAL STANDARD

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)); *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). "If at any time prior to judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); *Demartini v. Demartini*, 964 F.3d 813, 818 (9th Cir. 2020). "Section 1447(c) remands are mandatory because once it appears that the district court lacks subject matter jurisdiction the court must remand." *Demartini*, 964 F.3d at 819; *Bruns v. NCUA*, 122 F.3d 1251, 1257 (9th Cir. 1997) ("Remand under 28 U.S.C. § 1447(c) "is mandatory, not discretionary.").

### III. DISCUSSION

"The federal officer removal statute permits removal of a state-court action against an 'officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office.'" *Fidelitad, Inc. v. Insitu, Inc.*, 904 F.3d 1095, 1098–99 (9th Cir. 2018) (citing 28 U.S.C. § 1442(a)(1)).  To invoke jurisdiction under the federal officer removal statute, the defendant must show that: (1) "it is a 'person' within the meaning of the statute, (2) a causal nexus exists between plaintiffs' claims and the actions [the defendant] took pursuant to a federal officer's direction, and (3) it has a 'colorable' federal defense to plaintiffs' claims." *Leite v. Crane Co.*, 749 F.3d 1117, 1120 (9th Cir. 2014).

This matter was removed to this court solely based on the federal officer removal statute. *See* Notice of Removal, Doc. 1.  Plaintiffs indicate that they are filing their Motion because of the Federal Defendants' position that federal agencies cannot be sued in state court and defendant State of California's position that it may not be sued in federal court.  Motion, Doc. 11 at 4. Plaintiffs' and the Federal Defendants stipulated to the dismissal of the Federal Defendants from this action.  None of the remaining named defendants (the State of California and County of Tulare) qualify as persons within the meaning of the federal officer statute, 28 U.S.C. § 1442, and the parties have not identified any other basis for federal jurisdiction.  Following the dismissal of the Federal Defendants, the court lacks subject matter jurisdiction over this action.

Accordingly, it is HEREBY ORDERED THAT:

1. Plaintiff's motion to remand (Doc. 11) is granted;
2. The matter is remanded to Tulare County Superior Court; and
3. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated:   July 8, 2024

UNITED STATES DISTRICT JUDGE